**LOVELL v. FIRST NAT. BANK OF FLORENCE.**
**No. 114.**

District Court, N. D. Alabama, S. D.
June 3, 1936.

Douglas Arant and W. A. Rose (of Bradley, Baldwin, All & White), both of Birmingham, Ala., for plaintiff.

W. H. Mitchell, of Florence, Ala., and R. H. Scrivner, of Birmingham, Ala., for defendant.

DAVIS, District Judge.

This is an action for money had and received, brought by W. S. Lovell, as receiver, against the First National Bank of Florence. The question to be decided is whether or not the defendant has any money in its possession which, under the facts in this case, in equity and good conscience, belongs to the plaintiff.

This question arises out of the following facts: Under the provisions of Amendment 8 to the 1901 Constitution of the State of Alabama, which became effective on January 31, 1920, the city of Florence was authorized to levy and collect a 5-mill tax for the purpose of paying its then outstanding bonds with interest thereon and its bonds thereafter issued with interest thereon. At the time of the adoption of the amendment, there were a large number of outstanding bonds, which are still unpaid. Other bonds have been issued since the adoption of said amendment, which are still outstanding and unpaid. The city has continuously levied and collected said tax, since the adoption of said amendment.

On April 17, 1936, a receiver was appointed by this court for the tax so collected. W. S. Lovell is now such receiver and was authorized to bring this suit.

Before the appointment of said receiver and in order to prevent default on its bonds, some of the city officials borrowed, from the defendant, for the city, $40,000, with the understanding that an ordinance would be passed pledging the 5-mill tax to be collected in the future to secure the payment of said $40,000.

Thereafter the city borrowed from the defendant additional sums, aggregating more than $40,000, to prevent default on its bonds. The ordinance providing for the first loan in this second series pledged the tax to be collected as security, both for the sum obtained and for the $40,000 borrowed for the city, by the officials, aforesaid. An ordinance was adopted when each subsequent loan was made pledging this tax for the payment of same. All of this money was used in servicing the bonds of the city.

After the money was borrowed and used for this purpose and before the receiver was appointed, the city defaulted on its bonds. Before the receiver was appointed, the city repaid the bank $80,107 out of said 5-mill tax fund. Five hundred fifty dollars was paid the defendant out of said tax after the appointment of the receiver.

The 5-mill tax fund, out of which the bank was paid, was assessed for the purpose of servicing the bonds of the city. Nothing to the contrary appearing, it will be presumed that the city officials properly applied said borrowed money, in servicing said bonds.

The effect of these transactions with the defendant was that the bond owners received their tax money several months earlier than they would have if the bank had not advanced the money. The bondholders were not injured. They received a benefit. I cannot perceive how, in equity and good conscience, the receiver, representing the bondholders, can recover any money paid defendant before the receiver was appointed. The money paid the defendant before the receiver was appointed cannot be recovered. The $550 paid the defendant after the appointment of the receiver can be recovered with interest.

The jury will be charged in conformity with this opinion.